STONE, Judge.
This is an appeal by a natural mother from an order adjudicating her ten-year-old child dependent and placing her under the protection of the court.
When the child was five years old the natural mother, who lived in the Dominican Republic, consented to her being privately adopted by a single male, who was a United States citizen. The adoptive father returned to this country with the child and was subsequently arrested and convicted for sexually abusing her. The child was initially adjudicated dependent when the charges were filed against the adoptive father. Following his conviction, the Dominican Republic invalidated the adoption. The natural mother then demanded that the child be returned to her in the Dominican Republic, and as a result the state filed this second petition for dependency.
The trial court considered a number of factors in finding that it was in the best interest of the child to be adjudicated dependent and to continue to reside with her foster family.
The trial court found that the mother had abandoned the child, as evidenced by the circumstances under which she surrendered her child, without investigation, and by her subsequent lack of meaningful effort to assume parental responsibilities. Although there was some minimal effort by the appellant to communicate with the child, the court considered this effort to be marginal and not having evinced a settled purpose to assume parental duties. The court also found that the child had become assimilated to the United States, and was bonded to her foster parents. The child did not want to return to the Dominican Republic, and had no feelings for her biological mother.
The trial court did not err by recognizing that the revocation of the adoption, although valid, did not alone require the immediate return of a child to her biological parent. The trial court may weigh the totality of the evidence in determining the best interest of the child. See In the Interest of J.L.P., 416 So.2d 1250 (Fla. 4th DCA 1982). See also In re Camm, 294 So.2d 318 (Fla.), cert. denied, 419 U.S. 866, 95 S.Ct. 121, 42 L.Ed.2d 103 (1974). A court of this state has an obligation to protect children within its jurisdiction. The revocation of adoption did not affect the duty of the court to consider the totality of the evidence in determining the need for continued HRS care.
We also find no error in conducting the dependency proceedings in the absence of the natural mother, who was represented by court appointed counsel.
Therefore the judgment of the trial court is affirmed.
HERSEY, C.J., and WARNER, J., concur.